**R**ICHARD **M. R**OGERS, **#045843**
**L**AW **O**FFICE OF **R**ICHARD **M. R**OGERS
100 Bush Street, #1980
San Francisco, CA  94104
Telephone:	415/981-9788
Facsimile:	415/981-9798
Email:	RogersRMR@yahoo.com

Attorneys for Plaintiff
**C**HARLES **R**OBERTS

# U**NITED** S**TATES** D**ISTRICT** C**OURT**
# N**ORTHERN** D**ISTRICT OF** C**ALIFORNIA**

| | |
|---|---|
| C**HARLES** R**OBERTS**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H**AYWARD** U**NIFIED** S**CHOOL** D**ISTRICT**,<br><br>　　　　　Defendant. | Case No.: C18-02209-JSC<br><br>Complaint filed:　　04/13/18<br>Trial date:　　　　　07/08/19<br><br>**D**ECLARATION OF **C**HARLES **R**OBERTS **IN** S**UPPORT OF** P**LAINTIFF'S** O**PPOSITION TO** D**EFENDANT'S** M**OTION FOR** S**UMMARY** J**UDGMENT**<br><br>Date:　　　　　　02/28/19<br>Time:　　　　　　9:00am<br>Location:　　　　Courtroom F, 15th Fl |

USDC NO. C18-02209-JSC -- DECLARATION OF CHARLES ROBERTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBERTS/
/DMO4SUMJ.CRb

1

I, Charles Roberts, hereby declare:

1. I am the Plaintiff herein.

2. Attached hereto as Exhibit 1 is a copy of the Charge of Discrimination I filed with the EEOC on November 1, 2017.  (Complaint, Document No. 1, p. 6)

3. I was employed by Defendant as Chief Facilities Officer.  My primary duty was to execute the Measure L Bond Construction Program.

4. My salary was paid solely by the Bond Fund.  None of my salary was paid by the General Fund.

5. Responding to Defendant's false reasons for terminating me:

   a. There is no lack of work.  There are still two years of work remaining on the Bond programs I was managing, and another Bond Issue has been passed by the electorate.

   b. There is no lack of funds.  $180,000,000.00 was in the Bond account when I was laid off.  A new Bond measure (Measure H) added $381,000,000.00 to the Bond construction funds.

   c. There is no new direction nor fresh ideas.  The Measure L construction program remains the same as when I left.

   d. While employed at the District, I demonstrated excellent leadership skills, as more fully set forth in my Response to Interrogatory No. 13, Exhibit 2 hereto.

   e. The reorganization simply changed my reporting duties.  The new Bond Coordinator reports to the Director of Maintenance and Operations.

6. The reorganization was a ploy to move bond funds into the General Fund.

7. Defendant used the reorganization to terminate higher level African American employees, myself and Sheila Collier.

8. There are no African American employees in senior leadership positions remaining at the District except for the head of IT.  I was the only African American on the Cabinet (advisory body to the Superintendent).

ROBERTS/
/DMO4SUMJ.CRb

USDC NO. C18-02209-JSC -- DECLARATION OF CHARLES ROBERTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

2

9. The senior Caucasian employee who was terminated through the reorganization, Steven Fallon, was the Director of Maintenance and Operations. He had been missing a great deal of work due to illness. I had been assigned to fill his position in addition to my own during most of his absences. There were no complaints about my performance.

10. I was born in 1971.

11. I would have applied for both of the new positions if Dr. Wayne had not told me I would not be selected regardless o f how high I was ranked.

12. I have personal knowledge of the foregoing and am competent to testify thereto.

I declare under penalty of perjury, under the laws of the State of California, and the United States of America, that the foregoing is true and correct.

Executed at PLEASANTON, California, this 5 day of FEB, 2019.

CHARLES ROBERTS

USDC NO. C18-02209-JSC – DECLARATION OF CHARLES ROBERTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBERTS/
/DMO4SUMJ.CRb

3